

FILED
JUL 24 2017
Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DALE MICHAEL HANSON, <br><br> Petitioner, <br><br> vs. <br><br> STATE OF MONTANA, <br><br> Respondents. | CV 16–152–M–DLC–JCL <br><br> ORDER |

United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendations in this case on April 6, 2017, recommending that Plaintiff Dale Michael Hanson's ("Hanson") petition under 28 U.S.C. § 2254 for writ of habeas corpus be dismissed as unexhausted and procedurally defaulted without excuse. Hanson timely filed an objection to the findings and recommendations, and so is entitled to de novo review of those findings and recommendations to which he specifically objects. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is

left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

Having reviewed Adams' objections, the Court finds that Hanson did not exhaust his state court remedies with respect to his current custody. A federal district court cannot review a habeas claim unless the prisoner has exhausted all state remedies. 28 U.S.C. § 2254(c). Here, Hanson has an ongoing case pending in the Montana state court system. Thus, the Court agrees with Judge Lynch that dismissal without prejudice is appropriate and that Hanson may return to this Court if and when he fully exhausts his state claims relative to his current custody.

Further, "a federal habeas court will not review a claim rejected by a state court 'if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment.'" *Beard v. Kindler*, 558 U.S. 53, 55 (2009), (quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)). This doctrine bars habeas relief when (1) "a state court [has] declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement," and (2) "the state judgment rests on independent and adequate state procedural grounds." *Coleman*, 501 U.S. at 729-30. A claim is barred from federal review unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged

violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Id.* at 750.

Hanson's state post-conviction petition was dismissed with prejudice as a sanction for his repeated failure to appear at scheduled depositions, failure to adhere to court orders, and because he had an outstanding warrant for his arrest. Montana law allows this type of sanction. *Xu v. McLaughlin Research Inst. for Biomedical Sci., Inc.*, 119 P.3d 100, 105 (Mont. 2005). This state rule is firmly established under Montana law and does not implicate federal law. Thus, the Court agrees with Judge Lynch's finding that the Montana Supreme Court's decision to dismiss Hanson's case with prejudice meets the adequate criteria.

Moreover, the "cause" standard requires Hanson to show "that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Hanson contends that Flathead County Attorney Ed Corrigan's actions were the external factors that interfered with Hanson's efforts to comply with the State's procedural rule. (Doc. 12 at 4.)[1] This is the same argument made before Judge Lynch. The Court concurs with Judge Lynch that Hanson did not meet his burden

---

[1] Hanson filed a letter to the Court on April 18, 2017, indicating that he wanted to ensure the Court was receiving his objections due to alleged mailing issues at the prison. (Doc. 14.) The Court has received and reviewed his objections in Documents 12 and 13.

to show cause because his actions are what caused the state sanctions.

The Court also finds that no miscarriage of justice occurred here. "The miscarriage of justice exception to cause serves as 'an additional safeguard against compelling an innocent man to suffer an unconstitutional loss of liberty.'" *McCleskey v. Zant*, 499 U.S. 467, 495 (1991). "Actual innocence" means factual innocence, not a mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623-624 (1998). Actual innocence "must be supported by new reliable evidence that was not presented at trial, evidence obviously unavailable in the vast majority of cases." *Schlup v. Delo*, 513 U.S. 298, 299 (1995). Hanson argues that the newly discovered evidence consisting of three witnesses regarding exculpatory information that the prosecution suppressed at the time of trial. After further review, the Court finds that the three witness statements were not suppressed and that Hanson had knowledge of these potential witnesses at the time of trial. Further, the Court finds that the testimony of these witnesses is cumulative to the evidence presented at trial. Consequently, Hanson has not met his burden under *Schlup* to prove his actual innocence.

On June 12, 2017, Hanson moved the Court to reconsider its Order denying his motion to appoint counsel. The Court concurs with Judge Lynch that this case is not unusually complex and that due process will not be violated if counsel is not

appointed. Pursuant to 18 U.S.C. § 3006A, Hanson has been able to effectively articulate his claims pro se. However, there is no likelihood of success on the merits. The Court already determined that Hanson is unable to meet his burden to prove a constitutional violation occurred in his original conviction or the current charges.

Finally, the Court agrees with Judge Lynch's determination that there is no doubt Hanson has failed to make a substantial showing that he was deprived of a constitutional right and thus a certificate of appealability is not warranted.

IT IS ORDERED that Judge Lynch's Findings and Recommendations (Doc. 10) are ADOPTED IN FULL. Hanson's petition for writ of habeas corpus (Doc. 1) is DENIED.

IT IS FURTHER ORDERED that the Clerk of Court shall enter by separate document a judgment of DISMISSAL.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

DATED this 24th day of July, 2017.

Dana L. Christensen, Chief Judge
United States District Court